# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON, | 1:05-cv-01508-AWI-TAG HC |
| Petitioner, | ORDER DENYING ISSUANCE OF A CERTIFICATE OF APPEALABILITY |
| v. | |
| A. K. SCRIBNER, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

On April 23, 2005, the instant petition was transferred to this Court from the United States District Court for the Central District of California. (Doc. 1). At the time of transfer, the case had been fully briefed and was ready for a decision. In the ensuing two years, the case has awaiting a decision on the merits, with no formal action having taken place in the case other than routine matter.

On November 7, 2007, Petitioner filed a notice of appeal, complaining about the Court's "dilatory tactics" and the resulting "lack of access" to the courts caused by the delay in issuing a ruling on his petition. (Doc. 5).

## LEGAL STANDARD FOR CERTIFICATE OF APPEALABILITY

"If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." FED. R. APP. P. 22(b)(3).  A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Therefore, *final orders* issued by a federal district court in habeas corpus proceedings are reviewable by the circuit court of appeals.  28 U.S.C. § 2253(a).  In order to have final orders reviewed, Petitioner must obtain a certificate of appealability.  28 U.S.C. § 2253(c).  This Court will issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  To make a substantial showing, the Petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

1    The filing of a notice of appeal generally divests the district court of jurisdiction to
2 determine the "substantial rights" at issue in an action during the pendency of the appeal. Griggs
3 v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (*per curiam*); Bermudez v. Duenas,
4 936 F.2d 1064, 1068 (9th Cir. 1991); Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403
5 (9th Cir. 1988); Gould v. Mutual Life Insurance Company of New York, 790 F.2d 769, 772 (9th
6 Cir. 1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984); Davis v. United States, 667
7 F.2d 822, 824 (9th Cir. 1982).  An exception to this rule exists where a deficiency in the notice of
8 appeal "is clear to the district court." Ruby v. Secretary of the United States Navy, 365 F.2d 385,
9 389 (9th Cir. 1966).  Only in such a case can the district court proceed with the case "knowing
10 that it has not been deprived of jurisdiction." Id.

## DISCUSSION

12    Petitioner's request for a certificate of appealability must be denied because there has
13 been no final order on which an appeal may be predicated.  Indeed, there has been no order, final
14 or interlocutory, upon which to base an appeal.  The Court currently has numerous habeas
15 petitions pending and will address each petition on the merits in the order in which it was
16 received.  The large volume of petitions now pending in the Court provides no legal basis for an
17 appeal, since there is no underlying Court action from which an appeal can be taken at the
18 present time.

## ORDER

20    In the present case, the Court finds that Petitioner has not made the required substantial
21 showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  Accordingly, the Court
22 hereby DENIES Petitioner's request for issuance of a certificate of appealability.

24 IT IS SO ORDERED.
25 **Dated:    November 14, 2007**              /s/ Anthony W. Ishii
                                                UNITED STATES DISTRICT JUDGE